[Civ. No. 9175. Third Dist. Mar. 27, 1958.]

PAUL C. HELMICK, Respondent, v. W. R. RITCHIE, Appellant.

Blaine McGowan and Sidney E. Ainsworth for Appellant.

Edgar L. Martin and Stanley J. Mitchell for Respondent.

PEEK, J.—Defendant appeals from an adverse judgment in an action to recover possession of a tractor which was one of three sold by the plaintiff to defendant. Defendant contends (1) that the equipment was in fact sold to the Magnolia

Motor and Logging Company, Inc., and not to defendant, and (2) that the court applied the wrong measure of damages.

The defendant Ritchie, who was doing business as the Ritchie Logging Company, was interested in purchasing some heavy equipment for use in logging operations he was conducting near Pecwan in Humboldt County under a contract with Magnolia. In January of 1953 he discussed with the plaintiff the possible purchase of three tractors, two of which were located at Kettle Falls, Washington. The third was in the possession of the American Machinery Company in Spokane where it was undergoing repairs and is the only one with which we are concerned on this appeal. Following a series of negotiations, an agreement was reached between the parties relative to the acquisition of the three tractors by Ritchie. As a part of the agreement defendant delivered to the plaintiff Helmick a personal check in the sum of $10,000 drawn on his bank at Ashland, Oregon. Helmick in turn delivered this check to one Ryan, his agent, together with three bills of sale executed by Helmick and running to Ritchie. Thereafter Ryan and Ritchie returned to Ashland where defendant maintained and shared an office with Magnolia. A check was then drawn by one Lamb, president of Magnolia, in the sum of $46,750 payable to Helmick. A second check from Magnolia to Helmick in the sum of $10,000 was delivered to Ryan to cover the check previously issued by Ritchie which had been dishonored. Ryan thereupon delivered to Ritchie on behalf of Helmick, two bills of sale covering the two tractors completely paid for but retained the bill of sale for the third tractor on which there remained a balance of $5,000. The evidence showed that the third tractor was not to be removed or taken from the possession of the American Machinery Company at Spokane unless, within 90 days, the $5,000 balance was paid or a chattel mortgage executed. This balance was never paid and the mortgage never executed. But in August of 1953, several months thereafter, the tractor was found in the possession of defendant and being used by him in his logging operations at Pecwan.

Throughout the trial defendant insisted that he had abandoned his "sale transaction for the tractors" and that the Magnolia Motor and Logging Company "took over"; his position being, as stated by his counsel, that when he failed to finance the deals insofar as he was concerned the trans-

action was abandoned and Magnolia then entered into an arrangement with plaintiff; that all sums were paid by Magnolia and title was vested in the corporation and he was "out of the deal." Although there was testimony to the contrary, this merely raised a conflict in the evidence.

The findings of the court pertinent to the appeal were that plaintiff was the owner and entitled to the possession of the tractor which had a value of $14,000 on February 15, 1953; that Ritchie had obtained possession without the consent of plaintiff and, although demand had been made for its return, defendant refused to deliver possession to plaintiff; that the reasonable rental value during the time defendant retained possession was the sum of $11,500; and that plaintiff had been damaged in that sum. The judgment which was in accordance with the findings was that plaintiff recover the tractor and the sum of $11,500 as damages for its use, and in the event the property could not be delivered forthwith to plaintiff, then plaintiff to have judgment for the further sum of $14,000.

Defendant's argument in support of his contention that Magnolia and not he was the purchaser of the tractor is but a reargument of the weight and effect of the evidence, particularly-in regard to the checks given by Magnolia to plaintiff in Ashland, Oregon. The rule pertaining to the review of evidence upon appeal is at least presumptively too well known to warrant citation of authority.

Upon the question of damages, defendant argues that plaintiff was entitled to no more than the balance due on the tractor, together with interest. This is so, he says, because the plaintiff conceded that the evidence showed he had only a vendor's lien for the balance of $5,000 and could recover only the value of such special interest. We find no such concession in the record.

Although plaintiff's complaint originally contained three causes of action, at the trial he elected to stand on the first, for the recovery of possession of the tractor. Necessarily, therefore, in regard to the element of damages he thereby placed himself within the provisions of section 667 of the Code of Civil Procedure which provides in part:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or value thereof, in case delivery cannot be had, and damages for the detention . . ."

Since the court on substantial evidence found that de-

fendant retained possession of plaintiff's property without his consent, he properly was entitled to recover the property or its value and additionally to "recover the value of the use of his property where the amount thereof exceeds the interest on such value, inasmuch as the latter measure does not furnish adequate compensation for the wrongful detention." (*Guerin* v. *Kirst*, 33 Cal.2d 402, 414 [202 P.2d 10, 7 A.L.R.2d 922].)

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.